United States District Court
Southern District of Texas
FILED

NOV 1 8 2011

David J. Bradley, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. B - 11 -1 0 2 2** |
| | § | |
| **RAFAEL CARDENAS VELA** | § | |
| **aka Pedro Garcia Gonzalez** | § | |
| **aka "Junior"** | § | |
| **aka "Commandante 900"** | § | |
| **aka "Rolex"** | § | |
| **FRANCISCO JAVIER ESCALANTE-JIMENEZ** | § | |
| **GERMAN ALEJANDRO HUIZAR-MARROQUIN** | § | |

## CRIMINAL INDICTMENT

**THE GRAND JURY CHARGES THAT:**

## INTRODUCTION

AT ALL TIMES MATERIAL TO THIS INDICTMENT:

1. RAFAEL CARDENAS VELA, aka "Junior", aka "Commandante 900", aka "Rolex" occupied a position as a principal leader of a criminal enterprise, known as the Gulf Cartel, headquartered in Matamoros, Tamaulipas, Mexico, which imports, warehouses, transports, and distributes ton quantities of cocaine and marijuana from the United Mexican States into the United States.

2. RAFAEL CARDENAS VELA, JORGE EDUARDO COSTILLA SANCHEZ, aka El Cos, and other unindicted co-conspirators helped manage and maintain cocaine and marijuana transportation and distribution cells established in the United States that acted as smaller operational units within the larger organization.  Cells were located in various cities including but not limited to Brownsville, McAllen, Houston, as well as in Northern cities throughout the United States.

3. The Gulf Cartel, as led in part by RAFAEL CARDENAS VELA, also collected and transported millions of dollars in United States currency which represented the proceeds

from the distribution and sale of cocaine and marijuana in the United States.  Once the drug proceeds were collected at various points within the United States, the money would be transported to Mexico to further the aims of this criminal enterprise.

4.  In an effort to conceal their illegal activities, this organization utilized vehicles which had hidden compartments to conceal the cocaine, marihuana and currency which was being transported.  The members of the criminal enterprise encoded their written and oral drug related and conspiratorial communications to further shield themselves from law enforcement detection.  Members of this criminal enterprise would use aliases and call signs during their communications to protect their identities from law enforcement agencies.

5.  In order to further the aims and goals of this criminal enterprise, the aid of law enforcement authorities was solicited to provide information and protection for the organization's criminal activities in exchange for the payment of money and/or gifts.  Specifically, RAFAEL CARDENAS VELA directed the payments of money and/or gifts to various individuals related to law enforcement in Mexico.

6.  Firearms were often utilized as a tool during the drug trafficking activities of this organization.  Bullet proof vehicles, automatic weapons, grenades, homemade cannons, and body armor, were purchased by RAFAEL CARDENAS VELA and members of the Gulf Cartel to further their conspiracy to possess narcotics in Mexico and to import these narcotics into the United States.  These weapons have been used by members of the Gulf Cartel, at the direction of RAFAEL CARDENAS VELA and other leaders of the Gulf Cartel in their continuing struggle for control of the Mexican drug corridor with their rivals, Los Zetas.  Body guards were routinely employed to protect various members of this organization, including but not limited to RAFAEL CARDENAS VELA.

7.  Beginning in approximately 2000, RAFAEL CARDENAS VELA was the "Plaza Boss" for the Gulf Cartel of San Fernando, Tamaulipas, Mexico for several years. A "Plaza Boss" is the leader of a geographic area for the Gulf Cartel.

8. Approximately two years ago, RAFAEL CARDENAS VELA became the "Plaza Boss" of the Rio Bravo area of Tamaulipas, Mexico.

9. After the death of his uncle, Ezequiel Cardenas Guillen, aka "Tony Tormenta" in November 2010, RAFAEL CARDENAS VELA, became engaged in an internal power struggle for control of the Matamoros plaza with an unindicted co-conspirator. In approximately March 2011, RAFAEL CARDENAS VELA assumed control of the Matamoros plaza.

## COUNT ONE

From at least in or about January 2000 to on October 20, 2011 in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**RAFAEL CARDENAS VELA,**
**aka Pedro Garcia Gonzalez**
**aka "Junior"**
**aka "Commandante 900"**
**aka "Rolex"**

defendant herein, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the grand jury, to possess with intent to distribute controlled substances. The overall scope of the conspiracy involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

## COUNT TWO

From at least in or about January 2000 to October 20, 2011, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

3

**RAFAEL CARDENAS VELA,**
**aka Pedro Garcia Gonzalez**
**aka "Junior"**
**aka "Commandante 900"**
**aka "Rolex"**

defendant herein, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other and other persons known and unknown to the grand jury, to import into the United States from the United Mexican States controlled substances.  The overall scope of the conspiracy involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1), and 963.

## COUNT THREE

From at least in or about January 2000 to on October 20, 2011 in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**RAFAEL CARDENAS VELA,**
**aka Pedro Garcia Gonzalez**
**aka "Junior"**
**aka "Commandante 900"**
**aka "Rolex"**

defendant herein, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit the following offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

1.      To knowingly conduct and attempt to conduct a financial transaction affecting  interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is, drug trafficking, as alleged in Counts 1 and 2 of this indictment,

4

knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of a specified unlawful activity and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, that is, drug trafficking, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I);

2.      To knowingly transport and transfer and attempt to transport and transfer funds from a place in the United States to a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is, drug trafficking, as alleged in Count One of this indictment.

In violation of Title 18, United States Code, Section 1956(a)(2)(A) and (h).


## COUNT FOUR

On or about October 20, 2011, in the Southern District of Texas and within the jurisdiction of the Court,

**RAFAEL CARDENAS VELA,**
**aka Pedro Garcia Gonzalez**
**aka "Junior"**
**aka "Commandante 900"**
**aka "Rolex"**

did intentionally and knowingly possess a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, to wit: a Mexican passport and visa for entry into the United States, knowing that the documents were procured by means of any false claim and statement and to have been otherwise procured by fraud and unlawfully obtained.

In violation of Title 18, United States Code, Section 1546(a).


## COUNT FIVE

On or about October 20, 2011, in a matter within the jurisdiction of the Executive Branch of the Government of the United States, the defendant,

**FRANCISCO JAVIER ESCALANTE-JIMENEZ**

did knowingly and willfully make a false, fictitious, and fraudulent material statement or representation to Department of Homeland Security Investigations Special Agent Tomas Salazar, in Brownsville, Texas, while being interviewed by Special Agent Salazar regarding an investigation the Department of Homeland Security Investigations were conducting as to the identity of RAFAEL CARDENAS VELA, aka Pedro Garcia Gonzalez, aka "Junior", aka "Commandante 900", aka "Rolex",  to wit: that he knew Rafael Cardenas Vela as "Pedro" when in fact, he knew that the individual that he was detained with was not "Pedro" but Rafael Cardenas Vela.

In violation of Title 18, United States Code, Section 1001(a)(2).


## COUNT SIX

On or about October 20, 2011, in a matter within the jurisdiction of the Executive Branch of the Government of the United States, the defendant,

**GERMAN ALEJANDRO HUIZAR-MARROQUIN**

did knowingly and willfully make a false, fictitious, and fraudulent material statement or representation to Department of Homeland Security Investigations Special Agent Sergio Velasquez, in Brownsville, Texas, while being interviewed by Special Agent Velasquez regarding an investigation the Department of Homeland Security Investigations were conducting as to the identity of RAFAEL CARDENAS VELA, aka Pedro Garcia Gonzalez, aka "Junior", aka "Commandante 900", aka "Rolex",  to wit: that he knew Rafael Cardenas Vela as "Pedro" when in fact, he knew that the individual that he was detained with was not "Pedro" but Rafael Cardenas Vela.

In violation of Title 18, United States Code, Section 1001(a)(2).

## Notice of Forfeiture
## 21 U.S.C. § 853(a)

Pursuant to Title 21, United States Code, Section 853(a), the United States gives notice to defendant

**RAFAEL CARDENAS VELA,**
**aka Pedro Garcia Gonzalez**
**aka "Junior"**
**aka "Commandante 900"**
**aka "Rolex"**

that upon conviction of a conspiracy in violation of Title 21, United States Code,

Sections 846 and 841 as charged in Count One, the following property, whether real or

personal, is subject to forfeiture:

1.   all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and

2.   all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

The property subject to forfeiture includes, but is not limited to, the following

property:

(1) approximately $20,000,000 (million) in United States dollars.

(2) Real property with improvements and appurtenances titled in the name of Rosa Icela Moreno, located at 35698 General Brandt FM 106, Rio Hondo, Texas. The property is legally described as: Lot One (1), Block One (1), LATINA COUNTRY ESTATES, PHASE II, SECTION 1, Cameron County, Texas according to the map or plat thereof recorded in Cabinet 1, Slots 2509-A through 2511-A, Map Records of Cameron County, Texas, more particularly described in Volume 17329, page 286 of the Cameron County Official Records.

(3) Real property with improvements and appurtenances titled in the name of Emilio R. Villarreal and Laura Capistran, 1312 Bluewing Circle, Brownsville, Texas. The property is legally described as: Lot Twenty-three (23), Block Two (2), LAKEWAY SUBDIVISION, SECTION I, Cameron County, Texas, according to the Map or Plat thereof recorded in Cabinet 1, Slots 296-A, Map Records of Cameron County, Texas, more particularly described in Volume 17888, page 249 of the Cameron County Official Records.

## Notice of Forfeiture
## 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to defendant

**RAFAEL CARDENAS VELA,**
**aka Pedro Garcia Gonzalez**
**aka "Junior"**
**aka "Commandante 900"**
**aka "Rolex"**

that upon conviction of a conspiracy in violation of Title 18, United States Code,

Sections 1956(h)  and 1956(a)(2) as charged in Count Three, all property, real or

personal, involved in such money laundering offenses or traceable to such property, is

subject to forfeiture.

The property subject to forfeiture includes, but is not limited to, the following

property:

(1) approximately $20,000,000 (million)  in United States dollars.

(2) Real property with improvements and appurtenances titled in the name of Rosa
Icela Moreno, located at 35698 General Brandt FM 106, Rio Hondo, Texas. The
property is legally described as:  Lot One (1), Block One (1), LATINA COUNTRY
ESTATES, PHASE II, SECTION 1, Cameron County, Texas according to the map or
plat thereof recorded in Cabinet 1, Slots 2509-A through 2511-A, Map Records of
Cameron County, Texas, more particularly described in Volume 17329, page 286 of the
Cameron County Official Records.

(3) Real property with improvements and appurtenances titled in the name of Emilio R.
Villarreal and Laura Capistran, 1312 Bluewing Circle, Brownsville, Texas. The property
is legally described as: Lot Twenty-three (23), Block Two (2), LAKEWAY
SUBDIVISION, SECTION I, Cameron County, Texas, according to the Map or Plat
thereof recorded in Cabinet 1, Slots 296-A, Map Records of Cameron County, Texas,
more particularly described in Volume 17888, page 249 of the Cameron County Official
Records.

## Money Judgment

Defendant is notified that upon conviction a money judgment may be imposed

equal to the total value of the property subject to forfeiture.  A defendant may be jointly

and severally liable to the United States with any co-defendants convicted of a common

Count.

## Substitute Assets

In the event the property that is subject to forfeiture to the United States, as a

result of any act or omission of the defendant:

1)      cannot be located upon exercise of due diligence;

2)     has been placed beyond the jurisdiction of the Court;

3)     has been transferred or sold to, or deposited with a third party;

4)     has been substantially diminished in value; or

5)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to Title 21, United States Code, Section 853(p), and 18, United States Code, Section 982(b)(1).

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
Jody L. Young
Assistant United States Attorney

9